(116 App. Div. 863)

### PEOPLE v. WARNER.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

FISH—ILLEGAL TAKING—EVIDENCE—LEASE FROM TOWN.

> The town meeting having within its power, under Town Law, Laws 1890, p. 1215, c. 569, § 24 (1 Rev. St. p. 340, § 6), to regulate the use of town lands, voted that the trustees should no longer lease the bottom under the waters of the town for oyster-planting, a subsequent lease by the trustees is not admissible to show that defendant took the oysters of another "lawfully planted," which is made a misdemeanor by Laws 1900, p. 48, c. 20, § 139.
>
> Hooker, J., dissenting.

Appeal from Suffolk County Court.

The judgment of the Court of Special Sessions of the town of Southampton, convicting John P. Warner of violating Laws 1900, p. 45, c. 20, § 124, was affirmed by the County Court, and he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Charles M. Stafford, for appellant.
Geo. H. Furman, for respondent.

GAYNOR, J. It is made a misdemeanor by section 139 of the forest, fish and game law (chapter 20, pp. 45, 48, Laws 1900) to violate section 124 of that law, which forbids any person to "take, carry away, interfere with or disturb oysters of another lawfully planted or cultivated," and it is of this that the defendant was convicted. To prove that the oysters the defendant took and carried away from a bed in Tiana Bay, town of Southampton, Long Island, were the lawfully planted oysters of Squires, a lease by the trustees of the freeholders and commonalty of the town to Squires dated June 10th, 1902, of the said bed to plant oysters on it, was allowed in evidence, for the town owns the lands under water within its limits. The defendant's exception thereto is good. The lease was void. At the annual town meeting in 1897 it was voted that the said trustees should no longer lease the bottom under the waters of the town for oyster planting; and at the annual town meeting in 1901 the question whether such leases should be made was voted in the negative. The town meeting had the power to make this regulation in respect of the use of town lands (Town Law, Laws 1890, p. 1215, c. 569, § 24; 1 Rev. St. p. 340, § 6).

Squires gave oral evidence of a prior lease to him in writing by the trustees for a term of five years with a right of renewal to him for five years, and which he claimed to have lost; but the jury may not

have· found that such a lease ever existed. Moreover, there is no evidence that it was given prior to the town meeting of 1897. He says it was given in 1898.

The judgment of the County Court and of the Court of Special Sessions should be reversed. All concur, except HOOKER, J., who dissents.